### 1325

TRANSPORTATION INSURANCE COMPANY, Respondent v.
SOUTH CAROLINA SECOND INJURY FUND, Appellant.

(379 S. E. (2d) 732)

Court of Appeals

---

*Attorney Gen. T. Travis Medlock; Edgar W. Dickson* and *Brooks Shealy,* Columbia, *for appellant.*

*Duke K. McCall, Jr.* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard March 20, 1989.

Decided April 10, 1989.

SANDERS, Chief Judge:

Respondent Transportation Insurance Company sought reimbursement from appellant South Carolina Second Injury Fund for Workers' Compensation benefits which Transportation had paid to an employee of its insured for a permanent physical impairment. The South Carolina Workers' Compensation Commission ordered the reimbursement. The Fund appealed the order of the Commission. The Circuit Court affirmed, likewise ordering the reimbursement. The Fund appealed the order of the Circuit Court. We reverse.

It is undisputed that the right of Transportation to be reimbursed from the Fund is governed by Section 72-601 of the Code of Laws of South Carolina, 1962, as amended. Subsection 72-601(c) conditions reimbursement upon filing written records "that the employer had knowledge of the permanent physical impairment at the time that the em-

ployee was hired, or at the time the employee was retained in employment."[1]

The employee worked for the employer from 1945 until 1953 and from 1969 until 1974. In 1981, he was declared totally disabled due to byssinosis, aggravated by other health problems. In 1973, the employee answered a questionnaire, consisting of forty-two questions regarding his health. Transportation relies exclusively on this questionnaire to satisfy the written records requirement of Subsection 72-601(c).

Only two of the answers indicate that the employee had, or had ever had, any health problems. The question numbered fifteen asked, "DO YOU NOW HAVE OR HAVE YOU EVER HAD: Asthma, shortness of breath, chest tightness, recurring or chronic cough?" The question numbered thirty-three asked, "HAVE YOU EVER: Worked in a dusty trade?" To both questions, the employee answered "Yes." The questionnaire contained the instruction, "Give details of all answers marked yes." In the space provided to give details, the employee wrote "# Shortness of breath #33 textiles."

The questionnaire indicates that the employee had, or once had, one or more of the health problems revealed by his answers. However, the questionnaire does not indicate that the employee had any physical impairment which was permanent. Thus, Transportation has not satisfied the written records requirement of Subsection 72-601(c).[2]

For these reasons, the order of the Circuit Court is

Reversed.

GARDNER and CURETON, JJ., concur.

---

[1] The right of an employer or insurance carrier to reimbursement from the Fund is now governed by Section 42-9-400 of the Code of Laws of South Carolina, 1976, as amended. A 1982 amendment eliminated the written records requirement. *Wyndham v. R. A. & E. M. Thornley and Co.*, 291 S. C. 496, 354 S. E. (2d) 399 (Ct. App. 1987).

[2] Section 72-601(c) concludes with a proviso that "the employer may qualify for reimbursement hereunder upon proof that he did not have prior knowledge of the employee's preexisting physical impairment because the existence of such condition was concealed by the employee or was unknown to the employee." However, Transportation does not contend that it is entitled to reimbursement pursuant to this proviso. "Appellate courts in

this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked." *C. Ray Miles Constr. Co. v. Weaver*, 296 S. C. 466, 469 n. 10, 373 S. E. (2d) 905, 909 n. 10 (Ct. App. 1988). In any event, there is no evidence that the preexisting physical impairment was either concealed by the employee or unknown to him.